UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10459-RWZ-7

UNITED STATES OF AMERICA

v.

GREGORY PEGUERO-COLON

MEMORANDUM & ORDER

JULY 1, 2020

ZOBEL, S.D.J.

    Defendant Gregory Peguero-Colon is charged in an indictment with conspiracy to conduct enterprise affairs through a pattern of racketeering activity ("RICO") in violation of 18 U.S.C. § 1962(d).  The Magistrate Judge issued a detention order following the defendant's detention hearing.  Docket # 308.  On January 7, 2020, defendant filed a Motion for Revocation of the Detention Order and Rehearing De Novo.  Docket # 314.  Before completing the briefing on the motion, defendant moved for Emergency Release from Custody Due to Changed Circumstances During Corona Virus Epidemic (Docket # 691), which the Magistrate Judge denied on April 8, 2020.  Docket # 704.  Defendant now moves to Revoke the April 8, 2020 Detention Order.  Docket # 705.  The government opposes.  Docket # 888.  A virtual hearing on the motion for revocation was held on May 27, 2020.

    **I.**    **Legal Standard**

    Defendant moves for *de novo* review of the Magistrate Judge's order pursuant to 18 U.S.C. § 3145(b).  A defendant may be detained only if there exists "no condition or

combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government must prove risk of flight by a preponderance of the evidence. See United States v. Reynolds, 609 F.Supp.2d 108, 110 (D. Me. 2009). It must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

**II.      Statutory Factors**

The statute, 18 U.S.C. § 3142(g), details the criteria that governs determinations on risk of flight and dangerousness:

(1) The nature and circumstances of the offense charged

Mr. Peguero-Colon is charged under 18 U.S.C. § 1962(d) for his role in the Almighty Latin King and Queen Nation criminal enterprise (the "Latin Kings"). The government alleges that he was the chairperson of the "Crown Council," a part of the Massachusetts leadership of the Latin Kings, which resolves disputes among chapters. In his role as a leader, he allegedly also coordinated operations involving murder, assault, witness harassment, and the distribution of controlled substances.

(2) The weight of the evidence against the person

At the detention hearing on December 20, 2019, the government introduced recordings of defendant's participation in Latin Kings leadership deliberations about assaults and murders. It also offered evidence that defendant maintained and distributed a list of members who had been beaten and/or expelled from the Latin Kings for failure to comply with the organization's rules, including individuals whom defendant had identified as police informants from court documents. The affidavit of Special Agent Dominic Coppo recounts information from a confidential informant that defendant had asked for a stolen car so that he could drive to Connecticut to "shoot up" a bar

frequented by Victim 22.  The defendant also allegedly offered to sell a gun without serial numbers to a confidential witness.  Further recordings demonstrate defendant's extensive knowledge of the Latin Kings' drug trafficking operation in multiple cities in Massachusetts.  Defendant also participated in decisions to shield the Latin Kings' violence and drug trafficking activity from law enforcement.

While defendant acknowledges his presence at meetings, he argues that the evidence does not support a finding that he coordinated violent acts.  He points out that no one on a list of members to be punished was, in fact, attacked, and claims that he was actually a modifying force at the Latin Kings meetings.  The record contains no evidence to support defendant's assertions.

(3) <u>The history and characteristics of the person</u>

Defendant, age 48, has had stable employment as a specialized draftsman at Thermal Dynamics in Springfield since 2015.  He has three adult children and close ties to his father and sister.  If released, he would live with his father and continue working for Thermal Dynamics remotely.  He does not have a history of drug or alcohol abuse.  Nor does he have any known physical or mental conditions.

Mr. Peguero-Colon's criminal history includes convictions for being a felon in possession of a firearm, possession of controlled substances, possession of a firearm without a permit, and malicious destruction of property.

(4) <u>The nature and seriousness of the danger to any person or the community that would be posed by the person's release</u>

The government argues that defendant's position as a high-ranking member of the Massachusetts Latin Kings requires findings of dangerousness and risk of obstruction of justice because "inherent in the leadership position [of organized crime] is

3

the supervision of criminal activity that cannot be curtailed by any condition or combination of conditions of release." United States v. Jenkins, No. 3:17-CR-00124, 2017 WL 2985408, at *4 (M.D. Tenn. July 13, 2017) (internal citations and quotations omitted).

### III.   Analysis

#### a.   Risk of Flight

The government has not met its burden of proof as to risk of flight.  Defendant has strong ties to his community and an employer who would make arrangements for him to work remotely.

#### b.   Dangerousness

To refute the government's position on dangerousness, defendant cites to United States v. Patriarca, where the First Circuit stated that membership in a dangerous organization is a highly relevant, but not determinative, consideration under a dangerousness analysis.  948 F.2d 789, 795 (1st Cir. 1991).  After a holistic review of the evidence, the First Circuit upheld a district court finding that Mr. Patriarca did not pose a danger because he no longer held the leadership role in the Mafia and had actually fallen out of favor with members.  Id. at 792.  The First Circuit also noted that the evidence against him did not include testimonial witnesses that he could threaten on release, that he had no criminal history, and that he had bladder cancer and required frequent hospitalization.  Id.  The evidence against Mr. Peguero-Colon materially differs from the circumstances in Patriarca.  The evidence showed that defendant is a valued and influential member of the Latin Kings.  It demonstrates defendant's dedication to uncovering the identities of confidential witnesses and marking those witnesses for assaults.  In addition, defendant has a significant criminal history and a demonstrated

willingness to violate the terms of release. Furthermore, unlike Mr. Patriarca, defendant has no known health issues that would hinder his ability to carry out Latin Kings edicts if released. No conditions nor any combination of conditions would reasonably assure the safety of the community and confidential witnesses if he is released.

    c.    **COVID-19**

Defendant's health and the novel corona virus pandemic do not supersede the findings of dangerousness and risk of obstruction of justice. Defendant is detained at the Massachusetts Correctional Institution at Norfolk. As of June 28, 2020, there were no positive cases of COVID-19 at Norfolk. See Comm. for Pub. Counsel Servs. v. Chief Justice of Trial Court, 142 N.E.3d 525 (2020), Special Master's Report app. at 19 (June 29, 2020). Defendant has no symptoms of disease and he has no known medical conditions that would make him particularly susceptible to serious complications from COVID-19 should he contract the virus while awaiting trial.

**IV.    Conclusion**

Defendant's motions for revocation of the January 6, 2020 and the April 8, 2020 detention orders (Docket # # 314 and 705) are DENIED without prejudice to renewal should a significant change in defendant's health or conditions arise.


    ___ July 1, 2020_____                                         ___/s/ Rya W. Zobel_____
                DATE                                                           RYA W. ZOBEL
                                                                UNITED STATES DISTRICT JUDGE