UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>GREGORY PEGUERO-COLON,<br>    a/k/a "King Trece"<br><br>    Defendant | Criminal No. 19-CR-10459-RWZ |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for **63 months of incarceration** for the Defendant, Gregory PEGUERO-COLON, a/k/a "King Trece." This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The government disagrees with the offense level calculation provided U.S. Probation, which calculated the offense level in the final Presentence Report to be 19 (PSR ¶94-103). The government's calculation stated a total offense level of 24 (D. 1691). With a criminal history score of 4, the criminal history category is III (PSR ¶¶ 145-146), the guideline sentencing range ("GSR") calculated by Probation is 37 to 46 months (PSR ¶199).

Under the government's calculation of offense level 24, with criminal history category III, the GSR would be 63 to 78 months. The government formally objects to the calculation set forth by Probation, which does not hold the Defendant accountable for any crimes of violence that are grouped in the government's calculation set forth in the Plea Agreement.

The parties have agreed to a binding sentencing range of 33 to 63 months (D. 1691) under Fed. R. Crim. P. 11(c)(1)(C).

1

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant, and the violence that the Defendant brought to bear through his membership in the Latin Kings. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). Consideration of the § 3553(a) factors demonstrates that a sentence of 63 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

    A.    **Nature and Circumstances**

This Court is familiar with the nature of the Latin Kings enterprise and the violent conduct committed by its members. The sentence range contemplated by the Plea Agreement reflects the Defendant's role in the management and organization of the Latin Kings, which targeted cooperating witnesses, and sought to instill fear and enforce a code of silence concerning crimes committed by its members. See PSR ¶¶71-72. Among this group, the Defendant served as the Chairman of the Crown Council for the State of Massachusetts, a role in which had the Defendant serving as an advisor to the leadership team, and also as an organizer and administrator of the gang's business.

Given the sprawling membership, and numerous individuals at issue, the Defendant maintained and disseminated a list of those in bad standing with the gang. See PSR ¶¶49-50. This list identified the individual, their online information and identifiers, and the basis for which they

were in bad standing. There was no mistaking the penalty for being in bad standing: you would be green lit and violently assaulted on sight by any member. This was not merely talk. Multiple individuals were assaulted and targeted once paperwork and other information concerning their cooperation with police was confirmed. And they were not just assaulted, but their status was discussed at high levels among state leadership, and then memorialized by the Defendant in this list.

This includes Victim 1, who was violently beaten and assaulted by multiple members for providing information related to a homicide. See PSR ¶¶51-56. The termination of Victim 1 was discussed approvingly by state leadership, including the Defendant, during a recorded meeting in October 2018. See PSR ¶64. The same is true of Victim 34, who was similarly targeted for perceived cooperation with law enforcement, and discussed by the gathered state leadership, which included the Defendant. See PSR ¶¶57-69. When discussed at the state leadership meeting, the Defendant's concern is with the criminal enterprise, the potential legal ramifications from Victim 34's cooperation and whether recent arrests are tied to his cooperation. See PSR ¶¶65-69. Other victims were also identified in the Defendant's list: Victim 21 and Victim 22 who were listed as being excommunicated for "Treason" and that "M", meaning CECCHETELLI, had verified their status.

During the same state leadership meeting in October 2018, the Defendant also discussed the ongoing drug distribution in New Bedford, and whether there would be ramifications from recent arrests. Consistent with his role and authority, PEGUERO-COLON discusses whether he needs to "shut down" the drug operation in New Bedford, based upon police infiltration. See PSR ¶¶74-75.

In sum, the Defendant was a leader in a violent drug distribution organization, and

personally discussed serious violent incidents taking place. While not in the direct chain of command, the Defendant's role oversaw the violence and facilitated the operations of the criminal enterprise. The nature and circumstances of the Defendant's crimes and his role in organizing this violent enterprise negatively affected the community he lived and the various persons who were attacked, and would fear attack in the future thanks to the Defendant's efforts in memorializing their status. All told, the nature and circumstances justify a sentence of 63 months.

### B. Public Protection and Deterrence

Given the organized violence and drug trafficking at issue in this case, the Court must ensure that the Defendant is specifically deterred from committing crimes in the future and ensure that the public recognizes such crimes merit serious punishment as well. As an elder statesmen of the Latin Kings, responsible for maintaining order and discipline, advising leadership concerning the crimes of lower-level members, and providing internal legal advice concerning the avoidance of RICO charges, the Defendant's role merits a significant sentence.

The Defendant has a prior federal conviction and other state convictions and sentences. Those prior sentences did not deter him, and it is necessary to impress upon the Defendant that leadership and association with the Latin Kings, destruction of the community through the distribution of cocaine base, and committing acts of violence on behalf of the organization is serious and is unacceptable in the future. A sentence of 63 months is one that will specifically deter the Defendant from assisting this organization in the future and remove him from leadership for at least the period of incarceration.

General deterrence must also be considered, and this Court should be mindful of the message that the sentence will send to violent offenders, particularly gang leaders removed from the street who would target other persons who provide information to law enforcement. A 63-

month sentence sends a message to leaders, gang members, and violent offenders that swift punishment and imprisonment for multiple years await them if they choose to organize and supervise gang-members and facilitate the commission of violence.

Moreover, the Court must also take this opportunity to protect society from this Defendant and the potential for future crimes, punish him for the various violent acts that took place under his auspices, and for providing organizing principles and overseeing violence being committed against others on behalf of a violent organization. A 63-month sentence is the proper means to accomplish all these goals of sentencing.

### C. Criminal History

The Defendant has a lengthy history of crimes that appears to only have ceased due to his ascension of rank in the Latin Kings, and commensurate removal from the street crimes associated with lower-tier membership since the 2000s. This Defendant's history of Latin King-related firearms crimes is reflected in his criminal history (PSR ¶141), though his recent criminal history only reflects a 2012 stolen motor vehicle. See PSR ¶144. Nevertheless, the Defendant should face a significant sentence consistent with his persistent membership in this violent organization.

## CONCLUSION

Due to the nature and circumstances of the crime, and because deterrence (both general and specific), respect for the law, and just punishment are all critical sentencing factors for this Defendant, the Court should impose a sentence of 63 months.

                                      Respectfully submitted,

                                      NATHANIEL R. MENDELL,
                                      Acting United States Attorney

By:

                                      */s/ Philip A. Mallard*
                                      PHILIP A. MALLARD
                                      Assistant U.S. Attorney
                                      United States Attorney's Office
                                      1 Courthouse Way, Suite 9200
                                      Boston MA 02210
                                      617-748-3674

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        */s/ Philip A. Mallard*
                                      PHILIP A. MALLARD
Date:  July 6, 2021                        Assistant U.S. Attorney